The next case on our calendar for oral argument this morning is number 203521 United States versus Vanderpool. Mr. Roberman. Good morning, your honors, and may it please the court. The appellate here raises two issues on appeal. The first one is a jurisdictional argument, which Judge Carney you were sat on the court on the previous decision, so it may sound familiar to you and I apologize for being repetitive, but I am persistent. And the second one is a procedural and substantive challenge to the sentence that was imposed by the district court on the remand. Actually, if you could start out by providing some authority for the jurisdictional argument I didn't see authority in your brief and even if we were free to go back and revisit the prior panels decision which because this is a different panel I'm not convinced that we are. I've looked recently at a SEC the Sixth Circuit decision that had found in the past, the 3724 imposed jurisdictional limitations and it's rejected that I saw no Second Circuit authority to that effect. What are you relying on. I'm relying purely on the statute your honor you're absolutely correct. The Second Circuit does not authorize this, and the Supreme Court has said in the cases advanced by the government, and their brief that in fact, when you undo the knot of sentencing, you return it back and the court is free to recreate a not as it sees fit. I'm looking at 3724 what what in that creates jurisdictional limitations on this court. Sure, so it's apologies judges 3742. Oh sorry 3742 and 3742 at paragraph F says that outlines when the court renders a decision on an appeal. It states that, quote, if the Court of Appeals determines that one. Well, wait a second, I don't need you to read me the statute, I want to know like where the status statute is called review of a sentence, and I haven't looked at it lately but I don't recall the word jurisdiction being used in it. And I don't see a case in which our circuit has ruled this to create jurisdictional boundaries on what the Court of Appeals can do in considering a sentence. Sure, Your Honor. So then I'll just go straight to sub paragraph three of paragraph F, which says that if they send this doesn't fall into one of the prior exception allowances for a return of the sentence, then the Court of Appeals shall affirm the sentence. And so what I've argued is, if I might, what I've argued is that this court did not found found no grounds to disturb the sentence of the Rico count, except that it had vacated the count on count 14, the gun count, and then dismissed it. Sixth Circuit has found that this does not create a jurisdictional limit on what the Court of Appeals can do, but it creates rules for what the court can do when it exercises its jurisdiction, so that it's a different kind of error rather than a jurisdictional limitation. And that's what the prior panel found what I was arguing, what I argued to the district, Your Honor. Yes, Judge. Sorry, you can answer that question. Sure. What I argued to the district court on the remand was that the court there did not have jurisdiction to impose a new sentence, because this court did not have the authority to dismiss. Once it dismissed count 14, it did not have the authority to vacate the sentence on count one the Rico count, and therefore, the court. Separate sentences I mean don't we just always regard the sentence on a multi count conviction as one sentence so aren't we in the world of paragraph F one that says the sentence was imposed in violation of law. Well, actually, at the time the sentence was not imposed in violation of law, but I think your honor we do have to consider them as separate parts. And one of the reasons we have parts of a sentence right. I believe you should need to have to be considered as separate sentences, and that goes to the substantive and procedural arguments sentences we require the district court to look at the aggregate sentence and to consider it as a whole, right, I mean actually we do that now your honor we did not do that then in the first sentence at the time, this court didn't change that until 2019, which was several years after the district court imposed the original sentence under the original sentence, which was This court changed that in 2019 with the United States versus Brown referenced in my papers. And so the judge would have been where judge brownie very smart would have been completely aware of what her authority was at the time. And at the time her authority was that she was not entitled to take that into consideration, and she then imposed a below guideline sentence on that charge, and a guideline sentence on the second charge and random consecutively, as the statute required. This court then subsequent to this argument, change the law in this circuit. And now judge Caproni clearly aware of that in the second Supreme Court case of Davis fits into all of this, please short Davis a Supreme Court case said that you when you dismiss one count, you send it back for reevaluation, and the judge is free to decide as the You don't dispute that under current precedents, it's appropriate to vacate the whole sentence you're just saying we should change that interpretation. Yes, sure. Okay, so this panel can do that on its own right you're you're 100% you're preserving an argument for on bonk review or for the Supreme Court. Yes, sir. That's exactly correct. Okay, so I bought. So, if I could just get to my I know that my six minutes have run but I have, please, please go ahead. Okay, take another two minutes. Yeah, thank you. The second, second point that I raised that I'm not seeking to preserve for the Supreme Court but I'm raising because I believe it's appropriate here is both the procedural and the substantive challenge that we make to the sentence that was imposed by the district court, which we are now appealing to review the facts that are essential there was a plea agreement in effect. And the plea agreement at the time said for count one, the guideline range was 70 to 87 months, and both sides agreed to that amount. There was an aggregate guidelines offense for the two charges that capped at 168 months, and that was the appellate waiver at the time. I raised the murder one murder to issue before I re raised it at this one the judge company rules against me. The district court then found a new guidelines of 108 to 135, the government did not object to that new guidelines, and it did not raise an objection to those guidelines here at back at the district court I argued for an 8184 month sentence for the reason I previously stated, plus other reasons, one of which was 3742 g required that 3742 g says at relevant point that when the court. This court romance a case back to the district court that the district court, cannot impose an above guideline sentence, except on grounds that were originally written in the statement of reasons, and that this court held in remanding the case to be permissible grounds, or for our departure. This court in its original decision did not weigh in on any factors at all. That would support it a sentence outside the guidelines didn't affirmatively say yes to differently say no, just said at the end of its decision on page 10 of the decision in that case, we that, therefore, the constrictions were the facts known at the time and her statement of reasons, and I argued extensively about the statement of reasons, and, and then I submitted a five point argument in a letter to judge the pruning, one of which was 3742, one of which was 3742 g. And she says that the statement of reasons, doesn't include variance based on facts that did exist before right she says, that's correct, she says before so it's not but it wasn't included in the statement of reasons before it's just that now. She, she thinks it factors into calculating the sentence differently because of the need to take into account the aggregate sentence. She does that. And, but the 3742 g to be says, in the end the conjunctive. The two requirements for outside the guidelines sentence, or that it's in the written statement reasons before which I can see that it is. And this court the Second Circuit has approved of those reasons, which this court did not rule on at all. So even, even if you meet g to a, because it was in the same reasons before you're saying it has to have been included in the order of the Court of Appeals remaining the case. Yes, sir. And I made a motion for the argument and renewal, the government did not the government did not raise an objection or see clarification from the sport on Vanderpool one to say, what about those reasons, because we're coming back for resentencing. Can you approve of those reasons they did not take advantage of something that presumably they knew was in the statute, and they don't raise it at all. And then I argued the 3553 a, which also 3742 g says, and I argued those points, and then the, the sum otherwise continued his remorse showed insight to his case that he didn't have before, and completed. Yeah, the statutory argument but like if we were just considering the sentence in isolation, you would not have the same argument that it was procedurally unreasonable. Right. Well, if you take the procedural question. If you take the that argument out what I'm left on a procedural question is that it's an above guideline sentence for which she gives reasons on the record to support it, but that would be contrary to the decision that she made previously, as to that charge. But if you take out both of those arguments, it's not contrary to the decision, it's contrary to the outcome she made previously but the way she talks about it the factors that she's considering and the conduct she's considering are not inconsistent or that is correct answer. No, you're correct on that point, correct on that point but the 3553 a, which the statute also says she must consider doesn't change doesn't endorse a continuing upgrading of the sentence on that charge, because in fact it tilts the other direction. All right, Mr. Braverman you'll have two minutes rebuttal. Thank you your honor. Thank you and we'll hear from the government please. And the clerk will please get the government of the additional two minutes as well so we'll start out with 10. Thank you, Mr Adams. Are you set to go, sir. Your Honor, my, my audio is working my, my videos frozen I apologize. We can see you, you can just proceed. I mean, from our perspective. Yeah. Excellent. Okay, I cannot see you, but thank you. Oh well sorry about that. That's okay. Good morning. Good morning, your honors and may it please the court Andrew Adams for the United States. I handled aspects of Mr Vanderpool's case below include first sentencing and participated in the recent as Mr Braverman acknowledged moment ago, there is binding case law including Davis. That makes clear that the prior panels rebound to judge Caproni for a fulsome resentencing on count one was appropriate. I think we have that I'm actually really curious about your response to the 3742 g to be argument so 3742 g does say that sentencing on remand is short court shall not impose a sentence outside the applicable guidelines range except on a ground that was the. I'm sorry your honor, the pepper versus United States goes to the permissible factors that the court on resentencing can can consider in full. It includes post post remand facts that the circuit could not possibly have been aware of at the time, and calls into question under book or the constitutionality of g generally g to particular. So you're saying that to the extent that g does constrain the district courts discretion on sentencing it would be unconstitutional because it wouldn't take into account post remand events, the own in pepper in particular going to to this provision in particular, like the the court in pepper was particularly concerned with that aspect of g to. And judge Caproni was was in line with both pepper and booker in considering. Once again, Mr Vanderpool, as a complete person as a complete package. So there's, there's no impediment energy to that. I was interested in the argument that you made that it was plainly substantively reasonable the, the new sentencing, it was about three years above guideline Can you talk to us about why we couldn't or shouldn't say that a three year above guideline sentence isn't substantively unreasonable. Certainly, I mean that within the realm of reasonable sentences for a man who who attempted to murders and aided and abetted another aggravated assault was effectively on fatal shooting over the course of several years, that was capped off by a string of bank robberies. This sentence was not remotely unreasonable. As Judge Caproni pointed out, Mr Vanderpool and thoughtfully pointed out, Mr Vanderpool was in the middle tier of culpability within this, this group, but within this group and considering the full range of sentences that she was handing out here and other judges in the district handout and similar similarly prolifically violent cases, a sentence that Mr Vanderpool ultimately received as well within the range of normal sentences and well within the range of reason, both for sits of incapacitating him and promoting general deterrence but also just to speak to the underlying nature. We're talking about this big swing from 24 months below the lower threshold of the guidelines range to 21 months above the upper threshold, that's all within a reasonable range, it's all permissible. It is all permissible Your Honor, Judge Caproni, both in her original sentencing walked step by step through her thinking, and it is detailed, it is considerate. Should we be concerned though that one can draw an inference that he's being punished for having pursued an appeal. No, Your Honor, I think, to the contrary, much of Judge Caproni's consideration and what she articulated on resentencing recognize that Mr Vanderpool had had in fact conformed himself in large measure to the rules of the VOP that he had been endeavoring to improve himself in exactly the way that Pepper contemplates as being relevant to to resentencing, and she gave him a discount, in effect, for those reasons I think that she weighed the both the extremely serious nature of the series of crimes with both the, the man that Mr Vanderpool was and the man that Mr Vanderpool appears to be becoming, and she did it. I mean you know the the gun charge right the mandatory gun sentence you know Congress decided that there should be harsher penalties when you use a gun and commission of a crime of violence, right. Was it questionable that the district court is adjusting the sentence on count one, just to basically make it so that the gun charge doesn't have a big effect on the aggregate sentence. As with the answer to your question is it is it questionable or or problematic in any way I think the answer is no. In this case, Judge Caproni, as she did with the first sentence, took an aggregate view of the conduct as a whole, including the fact that there had been a mandatory. Congress requires a mandatory sentence and says that it's mandatory for it to be consecutive. Right. But if you can adjust the sentence so much on the other count to lead to whatever aggregate sentence the district court wants. And in fact it's illustrated here by the fact that even after the gun charge, the gun conviction is invalidated we end up with the same sentence doesn't it show that actually what Congress wants to accomplish is not being accomplished. Your Honor, I think that the only way that that would be reflected is if Judge Caproni ultra various imposed a below that mandatory minimum sentence that's the situation where that intent might be reflected. If I think it would be questionable to draw that inference, even in a situation where the mandatory minimum had disappeared where the district court no longer face that sort of congressional imperative. In this case, though, I think Judge Caproni one doesn't doesn't necessarily lead to that inference in light of what the ultimate sentence was but also, Again, I think that she very reasonably took in into consideration all aspects of Mr Vanderpool's overall character, as well as the character and seriousness of the events in the aggregate. If there are no, no other specific questions I'm happy to rest on the brief. Very good. Thank you very much. Thank you. Mr Robberman you have two minutes rebuttal. Thank you again, Your Honor, to pursue on this one of the great wonders about doing these remotely as I can use my computer to pull a pepper versus United States, and what that court held there in pages 15 through 26, a fairly large broad swipe was a review of 3742 G, and specifically One of the things that pepper focused on was that to not be allowed to consider post sentencing rehabilitation on a remand, therefore abrogated the authority of the sentencing court under 3553 a. And that's where the Supreme Court said it was inappropriate to Why, but then the Supreme Court says that it's not it's not going to follow an approach where it's effectively mandatory in some cases and not others and so it's just going to invalidate the provision entirely right. Well, it says, it says, Your Honor, that it appointed continues on the Supreme Court in that case, invited a host of amicus briefs to argue in defense of the judgment on the remand, and the Supreme Court specifically rejected the arguments of that. And those arguments were in favor of that the original sentence became the measuring stick of the quality of the remanded and the read resentencing, whereas the Supreme Court was saying in pepper. You can't do that because it's the post rehabilitative is the tie goes to the runner, the rule of lenity arguments for which the court is never divested of jurisdiction. You could say that 3742 g2 was invalidated only in so far as it is not favorable to the defendant, but it does not seem like that is the approach the Supreme Court adopted. I mean, is your position that something so there's some restriction from 3742 g2 that survives pepper. What it's, it's a fairly good size opinion and I could find the sentences. I've only got seven seconds left, but I can take a moment to answer judgment ask these questions to brother, of course, just thank you. It's an opinion by judge opinion by Judge Sotomayor. Well if you're just going to describe me we can we can look at the comparison, but you're, it's my argument judge that the that the pepper is about whether or not the rule of lenity, and the reconsideration or consideration of new post rehabilitative events, which, as the government concedes here tends almost overwhelmingly in my clients favorite, but that they that that is allowed and the district court can never be divested of that. And to the extent that 35 3742 g2 would say, you can't even consider post rehabilitative, then that struck. But here what we have is that this court didn't give its stamp of approval, and the district court had no new facts, as the government argues here and in addressing judge Carney's questions. There were a series of discussions about the facts of the underlying case, but those are all facts known to the court and the government and reiterated in the government's sentencing papers and indictment and charges, and everybody knew all those facts there was nothing that was before the district court. The mandatory sentence on the gun charge, you know, in the first sentencing, the district court went 24 months below the guidelines in order to accommodate the mandatory sentence on the gun charge. And as I said before, that is a sentence that this Congress has said should be mandatory and should be consecutive. I mean if anything, doesn't it seem inappropriate that the district court was reducing the sentence so much in order to accommodate the gun charge to them that right now it's it's exceeding some important determination that it made in the first sentence. Judge if that were correct and the government would have appealed the 84 months on the count one, and the government's brief on count one says that that it should be affirmed in all respects procedurally substantively that they saw no problem with the either the individual sentences or as I would have them, or the aggregate sentences, we discussed in the beginning of my argument, the government's first brief in Vanderbilt one saw no problems, and in fact dedicated, not even in my section, but I did want to ask a question related to what was going on, or what the discussion is now a would there have been any problem with the judge issuing 156 month sentence in the first instance on the racketeering charge. Sure. In the first instance, Judge, I argued previously to the district court that it was a murder to and not a murder one, which would have changed the, which would have changed the guidelines but setting that aside. If she had issued a combined 154 at the time, it would have been within the plea agreement, and it would have been within the appellate waiver. And so I would have had no opportunity to challenge it or not. On my first appeal I only challenged the procedural aspects of it, because I disagreed with the way that the judge came to the 154. But to your point, first round it would have been approvable. Thank you. Thank you very much. Thank you for your arguments will reserve decision. I thank the court. Thank you very much.